IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

SHERITA J. JONES                                                    PLAINTIFF

v.                                         CIVIL ACTION NO. 3:25-CV-370-SA-RP

SIEMENS LOGISTICS                                                   DEFENDANTS

ORDER AND MEMORANDUM OPINION

On December 30, 2025, Sherita J. Jones, proceeding *pro se*, initiated this civil action by filing her Complaint [1] against Siemens Logistics. Jones brings claims under Title VII of the Civil Rights Act and the Americans with Disabilities Act for retaliation, harassment, and wrongful termination. Now before the Court is Siemens' Motion to Dismiss [11]. Although Jones has not responded, her time to do so has long passed. *See* L.U. CIV. R. 7(b). The Court is prepared to rule.

*Relevant Factual and Procedural Background*

At the outset, the Court notes that the allegations contained in Jones' Complaint [1] are sparse and, at times, difficult to follow. To supplement these allegations and in an effort to construe all facts in Jones' favor, the Court has also considered her Charge of Discrimination submitted to the Equal Employment Opportunity Commission ("EEOC"). With that caveat, the Court will provide a brief background.

On September 14, 2023, Jones began working at Siemens as a Finance Manager. She alleges that, as early as March 18, 2024, Finance Director John Palmer made racially inappropriate comments to her. In addition, at some point during her tenure, Jones alleges that HR Business Partner Amanda Gilbert made a false allegation that she approved a $50,000 purchase order, which

ultimately led to her termination. On June 10, 2024, Jones alleges that she went on short term disability, but Palmer and Gilbert submitted to payroll that she had been terminated.[1]

Following her termination, Jones filed a Charge of Discrimination with the EEOC. On September 24, 2025, the EEOC issued Jones a Notice of Right to Sue ("Notice"). The Notice instructed Jones that she had 90 days from the receipt of the Notice to file a lawsuit or she would lose her right to sue.

On December 30, 2025, Jones filed her Complaint [1]. Siemens now moves to dismiss the Complaint [1] as untimely. As noted previously, Jones has not responded to Siemens' Motion to Dismiss [11]. However, since the Motion [11] is potentially dispositive, the Court cannot grant it as unopposed but will instead consider it without the benefit of a response. *See* L.U. CIV. R. 7(b)(3)(E).

*Legal Standard*

When deciding a Rule 12(b)(6) motion to dismiss, the Court is limited to the allegations set forth in the complaint and any documents attached to it. *Walker v. Webco Indus., Inc.*, 562 F. App'x 215, 216–17 (5th Cir. 2014) (citing *Kennedy v. Chase Manhattan Bank USA, NA*, 369 F.3d 833, 839 (5th Cir. 2004)). "[A plaintiff's] complaint therefore 'must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Phillips v. City of Dallas, Tex.*, 781 F.3d 772, 775–76 (5th Cir. 2015) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)).

A claim is facially plausible when the pleaded factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678, 129 S. Ct. 1937 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556, 127 S. Ct. 1955, 167

---

[1] The record is unclear as to the exact date of Jones's termination. It appears she attempted to return to work in January 2025 and, at that point, was informed that she was no longer an employee.

L. Ed. 2d 929 (2007)). "[P]laintiffs must allege facts that support the elements of the cause of action in order to make out a valid claim." *Webb v. Morella*, 522 F. App'x 238, 241 (5th Cir. 2013) (quoting *City of Clinton, Ark. v. Pilgrim's Pride Corp.*, 632 F.3d 148, 152-53 (5th Cir. 2010) (internal quotation marks omitted)). "[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Id.* (quoting *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993) (internal quotation marks omitted)). "Dismissal is appropriate when the plaintiff has not alleged 'enough facts to state a claim to relief that is plausible on its face' and has failed to 'raise a right to relief above the speculative level.'" *Emesowum v. Houston Police Dep't*, 561 F. App'x 372, 372 (5th Cir. 2014) (quoting *Twombly*, 550 U.S. at 555, 570, 127 S. Ct. 1955).

*Analysis and Discussion*

The issues before the Court are as follows: (1) whether Jones filed her lawsuit after her right to sue expired, and (2) if so, whether equitable tolling applies to preclude dismissal. The Court will address each issue in turn.

I. *Statutory 90-day filing period*

For Title VII and ADA claims, a plaintiff must file her civil suit within 90 days of receipt of a right-to-sue letter. *See* 42 U.S.C. § 2000e-5(f)(1). This 90-day filing period is strictly construed. *Taylor v. Books A Million*, 296 F.3d 376, 379 (5th Cir. 2002). "When the date on which the right-to-sue letter was actually received is unknown, the Fifth Circuit generally follows the presumption that the letter was received three days after the mailing date of the letter." *Garcia v. Penske Logistics, L.L.C.*, 631 Fed. Appx. 204, 208 (5th Cir. 2015) (citing *Jenkins v. City of San Antonio*, 784 F.3d 263, 266-67 (5th Cir. 2015) (gathering cases)).

3

In the instant case, the Notice was issued on September 24, 2025, and Jones does not allege the date she received it. Applying the three-day presumption, the Court presumes receipt on September 27, 2025. *See id.* Accordingly, Jones' right to sue expired 90 days from September 27, 2025, which means she needed to file her complaint by December 29, 2025.[2] Jones did not file her Complaint [1] until December 30, 2025—the day after her 90-day deadline expired. *See Hamp v. Gold Strike Casino Resort, LLC*, 2024 WL 4594235, at *3 (N.D. Miss. Oct. 28, 2024) (finding Title VII complaint untimely when filed *one day* beyond her 90-day deadline). Stated concisely, Jones failed to comply with the statutory deadline to file her Complaint [1].

In line with the Court's finding, Jones appears to concede in her Complaint [1] that this action is untimely and asks the Court to extend her deadline. *See* [1], Ex. 3.[3]

## II. Equitable tolling

The 90-day filing requirement is "akin to a statute of limitations" and subject to equitable tolling but only in "rare and exceptional circumstances." *Harris v. Boyd Tunica, Inc.*, 628 F.3d 237, 239 (5th Cir. 2010). In general, the Fifth Circuit has indicated that the equitable tolling period should be applied to extend the 90-day filing period in the following three circumstances: "(1) the pendency of a suit between the same parties in the wrong forum; (2) plaintiff's unawareness of the facts giving rise to the claim because of the defendant's intentional concealment of them; and (3) the EEOC's misleading the plaintiff about the nature of her rights." *Melgar v. T.B. Butler*

---

[2] The 90-day limitation period expired on Saturday, December 27, 2025. But since this date fell on a weekend, Jones' deadline was extended to Monday, December 29, 2025 by operation of Rule 6 of the Federal Rules of Civil Procedure.

[3] This Court is aware that other courts have on occasion applied a seven-day presumption for receipt of the right to sue letter. *See, e.g.*, *Bernstein v. Maximums Fed. Servs., Inc.*, 63 F.4th 967, 970 (5th Cir. 2023); *Lipsey v. Univ. of Mississippi*, 2024 WL 4510563, at *2 (N.D. Miss. Oct. 16, 2024); *Harris v. Boyd Tunica, Inc.*, 628 F.3d 237, 239 (5th Cir. 2010). However, having reviewed those specific cases and the underlying facts, the Court is of the opinion that they are inapplicable here. Additionally, as noted previously, Jones has not responded to Siemens' request for dismissal and thus has not asked the Court to apply that presumption. And, again, Jones' Complaint [1] itself concedes that it is untimely.

*Publishing Co., Inc.*, 931 F.3d 375, 380 (5th Cir. 2019) (citing *Teemac v. Henderson*, 298 F.3d 452, 457 (5th Cir. 2002)). Outside these circumstances, a district court may apply equitable tolling where a plaintiff exercised due diligence in pursuing her rights. *Granger v. Aaron's, Inc.*, 636 F.3d 708, 712 (5th Cir. 2011).

At this point, the Court again notes that Jones did not respond to Siemens' Motion [11]. However, Jones attached a letter to her Complaint [1] which addressed the Court and explained the reasons for her late filing and included a request for an extension. *See* [1], Ex. 3. In recognition of her *pro se* status, the Court will consider the allegations in this letter.

The crux of Jones' letter is that she originally filed her complaint in the wrong district; then, upon realization, filed it in the correct district. At first glance, it appears the 'pendency of a suit in the wrong forum' circumstance warranting an extension to the statutory filing period could apply in this case. But context is important. The Fifth Circuit has explained that this circumstance only applies "in the rare case when the parties have been litigating an action in state court, but they later discover they chose the wrong forum under state law." *Melgar*, 931 F.3d at 380 (quoting *Manning v. Chevron Chemical Co.*, 332 F.3d 874, 880 (5th Cir. 2003)). The parties at bar never litigated in state court. As such, this case does not fall into the "wrong forum" circumstance or under any of the other common ones.

With that settled, the Court will now consider whether a different basis warrants equitable tolling. *Id.* at 382 (citing *Hood v. Sears Roebuck & Co.*, 168 F.3d 231, 232 (5th Cir. 1999)). Outside the common categories, courts have only found equitable tolling available where a plaintiff has "actively pursued judicial remedies" and "exercised due diligence." *Granger*, 636 F.3d at 712 (quoting *Perez v. United States*, 167 F.3d 913, 918 (5th Cir. 1992)). Jones cannot show that she exercised due diligence.

To begin, Jones broadly asserted that for the first three weeks after receiving the Notice she "was not mental[ly] capable of filing for [her]self." *Id.* The Court rejects this excuse. The Fifth Circuit has explained that equitable tolling based on mental incapacity/illness may only be done "in exceptional circumstances, such as where the complainant is institutionalized or adjudged mentally incompetent." *Vidal v. Chertoff*, 293 Fed. Appx. 325, 329 (5th Cir. 2008) (quoting *Lyons v. Potter*, 521 F.3d 981, 983 (8th Cir. 2008)). Jones' allegations do not qualify as an "exceptional circumstance" as outlined by the Fifth Circuit. *Id.* Furthermore, even if they did, she herself alleges that her mental incapacity only lasted 3 weeks—leaving her 9 weeks to file her lawsuit.

Next, Jones alleges that finding an attorney during the Thanksgiving and Christmas seasons is difficult. While this may be true, Jones could have avoided this issue by promptly pursuing her claim in September and October. Further, Jones could have sought representation at any time after her termination, yet she waited until 9 weeks before her right to sue expired.

Then, she alleges that, on December 21, 2025, an attorney to whom she had reached out to advised her that there would not be enough time to get paperwork filed and accept her case. She alleges that attorney also recommended she ask the EEOC for an extension to file her lawsuit. Jones then contacted the EEOC and was allegedly advised that the agency could not extend the 90-day deadline and that she would have to seek an extension via court order.

On December 23, 2025, Jones went to a federal courthouse in Memphis, Tennessee to file her lawsuit—it is unclear as to whether she actually filed at this time. The Memphis courthouse was then closed for the Christmas holiday from December 24th to December 26th. The following Monday, on December 29, 2025, Jones returned to the Memphis courthouse to check on the status of her case. She alleges that, at this point, a member of the courthouse staff informed her that she was in the wrong district and that she needed to file her lawsuit at the federal courthouse in Oxford,

6

Mississippi. The following day, on December 30, 2025, Jones filed her lawsuit at the Oxford, Mississippi courthouse.

By her own admission, on December 21, 2025, Jones, in addition to the Notice she had received months earlier, received a warning from an attorney that her right to sue was about to expire. Yet, she did not attempt to file her complaint until two days later on December 23, 2025. This fact alone shows that Jones failed to diligently pursue her claim. Notwithstanding, on December 29, 2025, upon learning she needed to file her lawsuit in this district, she waited an *additional* day to file. Jones provided *no* explanation for that delay.

In sum, Jones failed to pursue her claims with diligence—which is a *prerequisite* for equitable tolling to apply. *Granger*, 636 F.3d at 713 ("equitable tolling is available . . . as long as the plaintiff has exercised due diligence"). As such, this is not an "exceptional" or "rare" circumstance that warrants equitable tolling. Jones' claims against Siemens are time-barred.[4]

*Conclusion*

For the reasons set forth above, Siemens' Motion to Dismiss [11] is GRANTED. Jones' Complaint [1] is DISMISSED *with prejudice*. A Final Judgment with this Order will be issued this day. This case is hereby CLOSED.

SO ORDERED, this the 28th day of July, 2026.

/s/ Sharion Aycock
SENIOR UNITED STATES DISTRICT JUDGE

---

[4] Siemens also argues that Jones failed to exhaust administrative remedies as to her disability discrimination and harassment claim because she did not include these allegations in her Charge of Discrimination. While it appears Siemens is correct in that regard, the Court sees no need to delve into that issue in light of this ruling.